UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIRBY RAMBO COLLECTIONS, INC.,

  Plaintiff,

v.         Case No: 2:18-cv-180-FtM-29CM

LEE COUNTY,

  Defendant.

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss - Dispositive Motion (Doc. #11) filed on April 23, 2018. Plaintiff filed a Response (Doc. #16) on May 4, 2018. For the reasons set forth below, the motion is denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v.

Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

Plaintiff Kirby Rambo Collections, Inc. (plaintiff or Kirby Rambo) alleges claims for copyright infringement, replevin, and unjust enrichment against defendant Lee County, a subdivision of

2

the State of Florida (defendant or Lee County). Specifically, in Count I plaintiff alleges that defendant has infringed upon its ability to create derivative works of the sculpture, and has made derivatives without plaintiff's knowledge or authorization, in violation of 17 U.S.C. § 501. In Count II, plaintiff alleges that it owns a valid copyright in the sculpture, and holds an exclusive right to display the sculpture publicly. Plaintiff alleges that defendant infringed upon plaintiff's copyright and ability to display the sculpture in violation of 17 U.S.C. § 501. Plaintiff also seeks to recover possession of the sculpture under Florida State law, and damages for the unjust enrichment in Counts III and IV.

The Complaint alleges the following: Plaintiff's President, Pamela Rambo (Ms. Rambo), is a celebrated local artist, marketer, promotor, and social media influencer. Plaintiff has a long history of working as a volunteer for defendant Lee County, Florida. In early 2016, the parties started discussing the 2016 National Seashell Day Event, including the creation of a sculpture to be created by Ms. Rambo. A verbal agreement was reached, and in furtherance of the discussions, defendant identified and purchased a used 2005 Volkswagen Beetle for $7,500 from Craigslist. The vehicle was delivered to plaintiff, along with supplies.

Ms. Rambo designed the sculpture using more than 20,000 shells to create the "Shell Love Bug". Ms. Rambo spent over a month and

3

hundreds of hours creating and finishing the sculpture, and used many of her own priceless and unique shells. The sculpture was based on original renderings, and an original work of authorship fixed in a tangible medium. Even though the sculpture incorporates an automobile, that is not its primary function and the public cannot touch or drive the sculpture. There was no written agreement, and plaintiff is not an employee of Lee County. Ms. Rambo is the registered owner of the copyright, Registration Number VA 2-077-806, and has a signed Copyright Assignment Agreement with plaintiff assigning her copyright in the sculpture to plaintiff.

In 2016, plaintiff and defendant entered into a verbal agreement but it was not finalized until after the work on the sculpture began. During the creation, defendant represented that it would transfer title and ownership of the vehicle to plaintiff after the sculpture was publicly displayed at the 2016 National Seashell Day Event. Once fully negotiated, Ms. Rambo materially changed her approach to the creation of the sculpture in reliance on the fully negotiated agreement. After the Event, defendant did not transfer title or ownership of the vehicle to plaintiff as agreed.

On June 28, 2016, after the date the vehicle should have been transferred to plaintiff, there was a meeting at which defendant told plaintiff it still wanted to use the sculpture to market and promote itself. Plaintiff agreed to allow it "so long as both

parties were mutually agreeable," and a shared calendar was created for both to share the sculpture.  Defendant continually represented to plaintiff that it would transfer title and ownership of the vehicle to plaintiff but never did.  Plaintiff continued to allow defendant to use the vehicle for over a year and a half under the arrangement waiting for the transfer of title.  The vehicle remained in the possession of plaintiff, except when defendant desired to display the sculpture via the shared calendar.

The relationship soured as plaintiff continued to wait for the transfer of title and ownership, and when defendant made alterations to the sculpture without plaintiff or Ms. Rambo's knowledge or consent, and damaged the sculpture on several occasions.  In breach of the verbal agreement, defendant continues to retain title to the vehicle, and continues to market and advertise the sculpture without plaintiff or Ms. Rambo's permission or consent.

On March 9, 2018, plaintiff met counsel for defendant where it was expressly stated that the sculpture would not be returned and that it belongs to defendant.  The same day, plaintiff sent a cease and desist letter to defendant indicating that any future or continue attempts to use, display, promote, market, or deny plaintiff access to the sculpture would be considered a willful infringement of plaintiff's copyright.

5

The next day, defendant intentionally promoted and displayed the sculpture to the public at the 38th Annual Marco Island Shell Show without plaintiff's permission or consent.  On or about March 18, 2018, defendant allowed the Lakes Park Enrichment Foundation to publicly display the sculpture at the annual Brick by Brick Picnic, and on the Lakes Park Enrichment Foundation Facebook page, also without plaintiff's permission or consent.  Additionally, in violation of plaintiff's exclusive right to prepare derivatives, defendant prepared derivatives of the sculpture, including a flyer, without plaintiff's permission or consent.  Defendant has knowingly and fraudulently attributed ownership of the sculpture to itself by failing to indicate that it is registered in plaintiff's name.

## III.

Defendant seeks to dismiss Counts I and II pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and thereafter request that the Court decline jurisdiction over the remaining state law claims.  Defendant argues that: (1) even if plaintiff owns a valid and registered copyright, an implied license existed in its favor; (2) plaintiff did not provide reasonable notice when she terminated the authorization and license; and (3) plaintiff has failed to establish that defendant's actions violated an exclusive right owned by plaintiff.  For the reasons stated below,

none of these arguments provides a basis to grant a motion to dismiss, and the motion will be denied.

Copyright protection exists "in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). Also protected are derivative works, not including preexisting material:

> **(a)** The subject matter of copyright as specified by section 102 includes compilations and derivative works, but protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully.
>
> **(b)** The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material.

17 U.S.C. § 103. An owner of a copyright has the "exclusive rights to do and to authorize" the reproduction of copyrighted works, the preparation of derivative works of the copyrighted works, the distribution of copies of the copyrighted work to the public, and to display publicly the sculptural copyrighted works. 17 U.S.C. § 106. "This protection has never accorded the copyright owner

complete control over all possible uses of his work." Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 432 (1984).

"Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). "Conversely, anyone who is authorized by the copyright owner to use the copyrighted work in a way specified in the statute or who makes a fair use of the work is not an infringer of the copyright with respect to such use." Sony Corp. of Am., 464 U.S. at 433. As a general matter, a plaintiff asserting copyright infringement must prove: "(1) the specific original work that is the subject of the copyright claim; (2) that the plaintiff owns the copyright in the work; (3) that the work in question has been registered in compliance with the statute; and (4) by what acts and during what time the defendant has infringed the copyright." Magical Mile, Inc. v. Benowitz, 510 F. Supp. 2d 1085, 1087 (S.D. Fla. 2007) (quoting Klinger v. Weekly World News, Inc., 747 F. Supp. 1477, 1479 (S.D. Fla. 1990)).

Plaintiff has sufficiently alleged that the sculpture is an original work that its assignor created, that it is the owner of a registered copyright by way of assignment of the artist Ms. Rambo, the dates and specific acts of infringement by public display, and the creation of a derivative work through advertising

8

and promoting.  Clearly, plaintiff has made the necessary plausible allegations to state a claim for relief.

The cases cited by defendant, including <u>LimeCoral, Ltd. v. Career Builder, LLC</u> (Doc. #11-1, Exh. A) and <u>Jacob Maxwell, Inc. v. Veeck</u>, 110 F.3d 749 (11th Cir. 1997), both involved a summary judgment motion and are therefore inapplicable.  The existence of a licensing agreement is outside the four corners of the complaint, and there is no articulated basis upon which it may be considered at this stage of the proceedings.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss - Dispositive Motion (Doc. #11) is **DENIED**.  Defendant shall file an answer within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of May, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record