UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIRBY RAMBO COLLECTIONS, INC.,

      Plaintiff,

v.                             Case No: 2:18-cv-180-FtM-29CM

LEE COUNTY,

      Defendant.

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Grant Plaintiff Leave to Amend Complaint (Doc. #39) filed on September 14, 2018. Defendant filed a Response in Opposition (Doc. #41) arguing that the amendments would be futile, and plaintiff filed an authorized Reply (Doc. #45). For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

When considering a motion to amend a pleading, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Because justice does not require district courts to waste their time on hopeless cases," Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008), leave to amend may be denied if the amendment will be futile, Foman v. Davis, 371 U.S. 178, 182 (1962). "Leave to amend a complaint is futile when the

complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)).

**II.**

**A. Count I:  Declaratory Judgment**

Count I of the proposed Amended Complaint adds a declaratory judgment claim seeking five specific declarations about the Sculpture.  (Doc. #39-1, ¶ 113 & p. 20.)  Defendant asserts that the Court lacks subject matter jurisdiction over all the requested declarations because there are insufficient allegations of an actual case or controversy between the parties, as required by 28 U.S.C. § 2201.  (Doc. #41, p. 7.)  Defendant also asserts that there is no subject matter jurisdiction over the last two requested declarations because they simply seek general propositions and thus fail to state a claim upon which relief may be granted.

The Declaratory Judgment Act gives federal district courts the power to declare the rights and legal relations of parties "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a).  But the Declaratory Judgment Act does not itself confer jurisdiction upon the federal courts. Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1340 (11th Cir. 2018) (citing Stuart

Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 861-62 (11th Cir. 2008)).

> Rather, it "allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003) (alteration in original) (citing Gulf States Paper Corp. v. Ingram, 811 F.2d 1464, 1467 (11th Cir. 1987)). Accordingly, "we do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question." Stuart Weitzman, 542 F.3d at 862 (quoting Hudson Ins. Co. v. Am. Elec. Corp., 957 F.2d 826, 828 (11th Cir. 1992) ). Instead, we "must determine whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law." Id.

Fastcase, Inc., 907 F.3d at 1340. The Copyright claims in Counts II and III of the proposed Amended Complaint establish the necessary jurisdictional basis.

While the Court has subject matter jurisdiction over the proposed declaratory judgment claim, Count I must still state a plausible cause of action or else the amendment would be futile. "As with any federal suit, when a party seeks declaratory relief, the courts are required to examine whether there is an 'actual controversy,' without which a declaration may not issue." Gagliardi v. TJCV Land Tr., 889 F.3d 728, 735 (11th Cir. 2018). While there is no bright-line rule for whether a dispute satisfies

this requirement, the Supreme Court has articulated relevant factors:

> Our decisions have required that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. . . . Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quotations and citations omitted). The Court finds from the totality of the circumstances alleged and incorporated into Count I that the claim rises to the level of a plausible case or controversy.

**B. Counts II and III: Copyright Infringement**

Defendant asserts that allowing Counts II and III to be included in an amended complaint would be futile because each would be subject to dismissal since each disregards the distinction between copyright rights and ownership rights. This is so, defendant asserts, because Exhibit A to the proposed Amended Complaint admits that Lee County owns the Sculpture, and thus Lee County has the rights attendant to such ownership.

The Court does not read the sentences quoted by defendant from Exhibit A to be an admission of ownership by Lee County. Saying a contract was entered into with the Visitors Bureau to build a sculpture does not address the ownership of the resulting sculpture, particularly since the very next sentence asserts plaintiff would retain ownership of the vehicle. Defendant has not shown that allowing the two federal copyright claims would be futile because it has not shown that the proposed pleading establishes its ownership of the Sculpture.

**C. Count IV and V: Conversion and Replevin**

Defendant asserts that allowing Counts IV (conversion) and V (replevin) to be included in an amended complaint would be futile because each would be subject to dismissal for several reasons. The Court addresses each.

Defendant first argues that each claim requires plaintiff to own the Sculpture, but that plaintiff's Exhibit A contradicts such an ownership claim. As stated above, the Court rejects the argument that the proposed amended complaint establishes ownership of the Sculpture by Lee County.

Defendant next argues that both counts would be subject to dismissal because plaintiff's ownership is based on an unwritten agreement with Lee County. The Court agrees that the proposed Amended Complaint makes no reference to a relevant written

agreement and is most fairly construed to allege the existence of only an oral agreement as to the ownership of the Sculpture. See Amended Complaint, Doc. #39-1, ¶¶ 31-32, 33 (stating that there is no written agreement).  Given this pleading, defendant asserts that dismissal would be required because it enjoys sovereign immunity from claims based upon an oral contract.

Both conversion and replevin are possessory actions which may only be brought by someone with ownership/possessory rights. See Warshall v. Price, 629 So. 2d 903, 904 (Fla. 4th DCA 1993)("Conversion is an act of dominion wrongfully asserted over another's property inconsistent with his ownership therein."); Rinzler v. Carson, 262 So. 2d 661, 664 (Fla. 1972) ("Replevin is a possessory action and the plaintiff must establish his right of possession as of the time of the filing of his suit.")  Thus, the basis for plaintiff's rights in the Sculpture is an element of both causes of action.

It is certainly correct that in Florida, sovereign immunity is the rule rather than the exception.  Town of Gulf Stream v. Palm Beach County, 206 So. 3d 721, 725 (Fla. 4th DCA 2016). However, Florida "has explicitly waived sovereign immunity in tort," Pan-Am Tobacco Corp. v. Dep't of Corr., 471 So. 2d 4, 5 (Fla. 1984), and implicitly waived sovereign immunity for suits on express, written contracts into which the state agency has

statutory authority to enter.  Id.; County of Brevard v. Miorelli Eng'g, Inc., 703 So. 2d 1049, 1050 (Fla. 1997).  It is undisputed that Florida has not waived sovereign immunity for actions based on oral contracts, and plaintiff concedes that sovereign immunity bars the enforcement of unwritten, oral agreements.  See Doc. #45, p. 4 ("Defendant is a local government. Consequently, the purported 'contract' between the parties is unenforceable.").

While actions for conversion and replevin sound in tort[1], the right to possession/ownership alleged in these particular counts are based solely on an alleged oral contract with the County. Defendant argues that plaintiff cannot demonstrate a possessory interest in the sculpture without relying on the alleged oral agreement, which is not enforceable against a state entity. Defendant argues that while Florida has waived sovereign immunity for torts, the waiver is inapplicable where one of the elements of the tort relies upon an oral agreement which is subject to sovereign immunity.

---

[1] "Replevin is very similar to an action for conversion, which is unquestionably a tort."  James v. Jacksonville Bulk Mail Ctr., No. 3:06-CV-1120-J-34JRK, 2009 WL 2901197, at *5 (M.D. Fla. Sept. 4, 2009).  See also Williams Mgmt. Enters., Inc. v. Buonauro, 489 So. 2d 160, 161 (Fla. 5th DCA 1986) (replevin and conversion are "ex delicto actions").

Defendant appears to be correct.  Southern Roadbuilders, Inc. v. Lee County, 495 So. 2d 189, 190 (Fla. 2d DCA 1986) held that sovereign immunity barred a breach of contract claim based on an oral contract with Lee County, as well as claims of quantum meruit and job specifications based on the same oral contract.  Plaintiff points out that in this case defendant's position on the oral contract has morphed over time.  In the Reply, plaintiff argues that "Defendant improperly takes both positions in this case when it is convenient for Defendant: when discussing the copyright infringement claims set forth against Defendant, Defendant argues it owns the physical Sculpture based on the selective enforcement of an oral agreement between the parties; then, when discussing the conversion or replevin counts set forth in Plaintiff's proposed First Amended Complaint, Defendant argues the exact same oral agreement is unenforceable against Defendant based on the doctrine of sovereign immunity. It is either one or the other." (Doc. #45, p. 2.)  Defendant did previously argue that its use of the sculpture was "clearly implicitly licensed or otherwise authorized", but Lee County also denied then and denies now that plaintiff owned a valid copyright or that there exists a written agreement.  (Doc. #11-1, p. 3.)  The Florida Supreme Court has held that such inconsistency will not defeat a claim for sovereign immunity.

> We decline to hold that the doctrines of waiver and estoppel can be used to defeat the express terms of the contract. Otherwise, the requirement of <u>Pan Am</u> that there first be an express written contract before there can be a waiver of sovereign immunity would be an empty one.  An unscrupulous or careless government employee could alter or waive the terms of the written agreement, thereby leaving the sovereign with potentially unlimited liability.

<u>Cty. of Brevard v. Miorelli Eng'g, Inc.</u>, 703 So. 2d 1049, 1051 (Fla. 1997), <u>approving</u> <u>Southern Roadbuilders, Inc. v. Lee County</u>, 495 So. 2d 189, 190 (Fla. 2d DCA 1986).  Accordingly, plaintiff will not be allowed to file an amended complaint which includes conversion or replevin claims.

Defendant also argues that Count IV would be futile because plaintiff failed to comply with conditions precedent to provide pre-suit notice containing factual support.  The proposed Amended Complaint alleges that "[o]n December 12, 2017, in compliance with section 768.28(6)(d), Florida Statutes, Plaintiff presented notice of a claim, in writing, to Defendant by U.S. Certified Mail, Return Receipt Requested."  (Doc. #39-1, ¶ 7.)  This is all that is required in the Amended Complaint at this stage of the proceedings. Fed. R. Civ. P. 9(c).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Grant Plaintiff Leave to Amend Complaint (Doc. #39) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may file a First Amended Complaint separately on the docket within **SEVEN (7) DAYS** of this Opinion and Order, but that amended complaint may not include a conversion or replevin count.

2. Defendant's Motion for Judgment on the Pleadings (Doc. #36) is **DENIED** as moot.

**DONE and ORDERED** at Fort Myers, Florida, this __24th__ day of January, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record